IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**     :     **CASE NO. 1:CR-07-153-02**
                                                    :
            **v.**                                        :
                                                   :
**JAMEL E. EASTER**                   :

**M E M O R A N D U M**

Before the court is Defendant Jamel E. Easter's motion to vacate judgment of conviction pursuant to 28 U.S.C. § 2255(f)(3) and to set a new trial date (Doc. 322). Pursuant to Rule 4 of the Rules Governing Section 2254 motion in the United States District Courts, as appropriately applied to proceedings under 28 U.S.C. § 2255, this court will preliminarily review the petition to determine whether Petitioner is entitled to relief.

**I.**         **Procedural History**

Jamel Easter was convicted by a jury on February 8, 2008 of various offenses involving drugs and weapons (Doc. 153). He was sentenced on March 31, 2009 and the judgment of conviction was entered on April 1, 2009 (Doc. 214) . A notice of appeal of his conviction was filed April 7, 2009 (Doc. 216). On appeal, Jamel Easter challenged his conviction on the conspiracy to possess and distribute crack cocaine and possession of a firearm. He did not appeal his conviction of possession of crack cocaine. His conviction was affirmed by the United States Court of Appeals for the Third Circuit on March 30, 2010 and the mandate was issued on May 13, 2010 (Doc. 258).

Jamel Easter filed his § 2255 petition on January 14, 2015 and therein claims that his trial counsel was ineffective for not raising the issue "buyer seller" in this matter at trial. He claims that the evidence at trial merely showed that he was only a buyer of controlled substances and was therefore insufficient to establish him as part of a conspiracy.

## II.     Discussion

### A. Ineffective Assistance of Counsel Standard

A claim for ineffective assistance of counsel is evaluated under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). The standard has two prongs. First, the petitioner must show that (1) the performance of trial counsel fell below an objective standard of reasonableness, and (2) the performance of counsel unfairly prejudiced the defense. *Id.* at 687-88, 691 (1984). The first prong requires the petitioner to show that counsel made errors "so serious that counsel was not functioning as 'counsel' guaranteed by the Sixth Amendment." *Id.* This showing can be made by demonstrating that the attorney's performance was unreasonable under prevailing norms. *United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1993). The second prong of *Strickland* requires petitioner to show that the errors were "sufficiently serious as to deprive the defendant a fair trial, a trial whose result is liable." *Strickland*, 466 U.S. at 687. To establish prejudice, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *United States v. Mannio*, 212 F.3d 835, 840 (3d Cir. 2000). The claims will be addressed with these precepts in mind.

### B. Incompetency of Counsel Claims

Jamel Easter claims that his counsel failed to raise an issue that he calls "a buyer-seller relationship." He claims that he only engaged in the drug transaction with the seller only and therefore was not guilty of engaging in a conspiracy. The Third Circuit Court of Appeals previously addressed this issue in its opinion (Doc. 258-2 at p. 4) and dismissed this argument. Thus, counsel was not incompetent as this argument was raised on appeal and dismissed.

### C. Jurisdiction of This Court

A petition filed pursuant to 28 U.S.C. § 2255 must be filed within one year from the date on which the judgment of conviction becomes final (28 U.S.C. § 2255(f)(1). The formal mandate denying the direct appeal in this case was filed on May 13, 2010. Jamel Easter then had 90 days in which to file a petition for writ of certiorari with the United States Supreme Court (*see* Rule 13 of the Rules of the United States Supreme Court). That date would have been August 11, 2010. Thus, the time within which to file a § 2255 petition in this court expired on August 11, 2011. For this reason, the instant petition is untimely and will be dismissed.

The court notes, however, that the instant petition purports to be filed under 28 U.S.C. § 2255(f)(3) which provides:

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; . . .

Jamel Easter points to no new law decided by the United States Supreme Court that covers his argument. All he says in his petition is ". . . the reason for not attacking this sentence previously I had no knowledge of the law." (Doc. 322 at p. 4.) This argument does not satisfy the requirement of 28 U.S.C. § 2255(f)(3).

**III.**	**Conclusion**

The petition fails to support an allegation of incompetency of counsel and is untimely.[1] The court will dismiss the petition for lack of jurisdiction. An appropriate order will be issued.

                                             s/Sylvia H. Rambo
                                             United States District Judge

Dated:  January 23, 2015.

---

[1] In his petition, Jamel Easter also seeks a reduction of sentence pursuant to Act 750 which is a separate proceeding before this court. Jamel Easter's request has been referred to the Federal Public Defender's Office for the Middle District of Pennsylvania for consideration.