IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:07-cr-153-02** |
| **v.** | : | |
| **JAMEL E. EASTER** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is a Motion for Resentencing Hearing Under Section 404 of the First Step Act filed by Jamel Easter. (Doc. 377.) The Government and probation office have filed oppositions to the motion and Defendant has replied. For the reasons set forth below, the motion will be denied.

**I. Background**

Easter is serving a term of imprisonment on his February 8, 2008, conviction for possession with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (count 2); possession of a firearm in furtherance of drug trafficking, in violation of 18 U.S.C. §§ 924(c) & 2 (count 3); and conspiracy with intent to distribute 50 grams and more of crack cocaine, in violation of 21 U.S.C. § 846 (count 4). At the time of his conviction, each of counts 2 and 4 carried a statutory minimum penalty of 10 years and a maximum penalty of life imprisonment and a minimum term of supervised release of 5 years. With respect to

the gun offense, Easter faced a mandatory minimum term of 5 years to be served consecutively to the sentence on the drug counts. 18 U.S.C § 924(c)(1)(A)(i).

For purposes of calculating his sentencing guideline range, the court found Easter responsible for 343.55 grams of crack cocaine, based upon the 255.15 grams, or 9 ounces, of crack cocaine that he and his codefendant Carlton Easter attempted to buy from an FBI informant and the 88.4 grams of crack cocaine seized at the time of their arrests. The court thus calculated Easter's base offense level as 32 under § 2D1.1 of the 2007 Edition of the Sentencing Guidelines based upon 150 to 500 grams of crack cocaine. Easter was assessed a 2-level enhancement for obstruction of justice, resulting in an adjusted offense level of 34. He was assigned a Criminal History Category of II, yielding a guideline range of 168 to 210 months of the drug offenses. He was also subject to a consecutive term of 60 months for violating 18 U.S.C. § 924(c). On March 31, 2009, the court sentenced Easter to 228 months—well above the statutory mandatory minimum—consisting of 168 months on the drug offenses to run concurrently and 60 months on the firearm offense to run consecutively to the drug offenses followed by a term of supervised release of 5 years.

On October 7, 2015, the court granted Easter's motion for a retroactive sentence reduction under Amendment 782, which reduced by 2 levels the base offense levels assigned to drug quantities in § 2D1.1. Application of Amendment

782 reduced Easter's base offense level from 34 to 32 and reduced his guideline range to 135 to 168 months imprisonment. The court sentenced Easter to the low-end of this newly applicable range, 195 months, consisting of 135 months on counts 2 and 4 to run concurrently and 60 months on count 3 to run consecutively to counts 2 and 4. That is where his sentence presently stands.

## II.   Discussion

At the time Easter was sentenced, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of crack cocaine, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of crack cocaine. In 2010, Congress enacted the Fair Sentencing Act ("FSA"), which reduced penalties for offenses involving crack cocaine by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, to trigger the 10-years-to-life sentencing range, the offense must involve more than 280 grams of crack cocaine, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of crack cocaine.

In the instant motion, Easter seeks a resentencing hearing pursuant to the First Step Act, which was passed on December 21, 2018. As relevant here, Section 404 of the First Step Act allows a court to reduce a defendant's sentence by applying the

FSA retroactively. A court may impose a reduced sentence "as if sections 2 and 3 of the [FSA] were in effect at the time the covered offense was committed." FSA § 404(b). This provision grants discretion to the sentencing court but does not require the court to reduce the sentence of an eligible defendant.

Easter's motion asks the court to hold a resentencing hearing because he was convicted of a covered offense for which the statutory penalties were reduced by section 2 of the FSA. However, while the First Step Act changes the mandatory minimum sentence for his conviction, it does not affect Easter's guideline range and therefore the court will deny his request.

Had it been in effect at the time of his sentencing, the reduced penalty structure of the FSA for an offense involving 50 grams or more of crack cocaine would have reduced Easter's statutory penalties to a minimum of 5 years with a maximum of 40 years and set his minimum term of supervised release at 4 years.[1] However, for purposes of sentencing, Easter was found responsible for 343.55 grams

---

[1] In its opposition, the Government contends that it is the drug weight for which Easter was held responsible, *i.e.*, 343.55 grams, and not the drug weight for which he was convicted, *i.e.*, 50 grams or more, that determines eligibility for First Step Act relief. The court disagrees. When determining the statutory penalty for an offense, the court looks to the offense charged in the indictment, not the quantity for which the defendant is later found responsible for purposes of determining the guideline range. Congress did not direct district courts to consider what the government might have charged had the FSA been in effect at the time the offense was committed, but rather authorized courts to reduce the sentence of a defendant "as if sections 2 and 3 of the [FSA] were in effect at the time the offense was committed." Here, if sections 2 and 3 of the FSA had been in effect at the time, the court would have advised Easter that he was facing a 5-to-40 year statutory penalty range rather than a 10-to-life penalty range.

of crack cocaine. Under today's guidelines, a base offense level for 343.55 grams of crack cocaine is 30 (between 280 and 840 grams of crack cocaine). With the 2-level enhancement for use or possession of a firearm, Easter has a total offense level of 32. With a Criminal History Category of II, his guideline range is 135 to 168 months, which is unchanged from his 2015 reduction pursuant to Amendment 782 and well above the statutory mandatory minimum of 5 years. This is not a case where the defendant would have qualified for a lower sentence but for a mandatory minimum penalty.

The change in the mandatory minimum penalties under Section 2 of the FSA, then, provides no reason to reduce Easter's sentence. The First Step Act authorizes sentence reductions where retroactive application of the FSA's higher mandatory minimum penalty triggering quantities would allow the court to reduce the sentence below the previously applicable mandatory minimum. The applicable mandatory minimum here, however, has no effect on Easter's sentence since his guideline range is greater than the 5-year mandatory minimum so resentencing him as if the FSA had been in effect at the time of the offense would change nothing.

**I.      Conclusion**

Because Easter would not have qualified for a lower sentence but for a mandatory minimum penalty, the court will deny his motion for a resentencing hearing.

                                                  s/Sylvia H. Rambo
                                                  SYLVIA H. RAMBO
                                                  United States District Judge

Dated: June 25, 2019