IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:07-cr-153** |
| | : | |
| v. | : | |
| | : | |
| **JAMEL E. EASTER** | : | **Judge Sylvia H. Rambo** |

## MEMORANDUM

Before the court is Petitioner Jamel E. Easter's *pro se* Motion Pursuant to 28 U.S.C. § 2255 seeking relief based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). (Doc. 340). In *Johnson*, the United States Supreme Court held that the residual clause of the Armed Career Criminal Act (ACCA)—the clause defining "violent felony" to include an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," 18 U.S.C. § 924(2)(2)(B)(ii)—is unconstitutionally vague and an increased sentence under that clause is a violation of due process. For the reasons that follow, the motion will be denied.

### I.   Background

On June 15, 2016, the court appointed the Federal Public Defender's Office to represent Easter, pursuant to Standing Order 15-6,[1] which was issued by Chief

---

[1] Standing Order 15-6, which addresses the appointment of counsel in proceedings related to the application of *Johnson*, provides that counsel is "appointed to represent all criminal defendants who were previously sentenced in the Middle District of Pennsylvania *who may be eligible* to seek a reduced sentence based upon the application of *Johnson*." (Doc. 341 at 1-2) (emphasis added).

Judge Conner on November 6, 2015. (Doc. 341). However, on July 15, 2016, the Federal Public Defender's Office filed a motion to withdraw as counsel because Easter was not eligible for relief pursuant to *Johnson*. (Doc. 345.) Specifically, Easter was not a career offender and had no prior crimes of violence which impacted his sentence, and further, his conviction under 18 U.S.C. § 924(c) related to a drug trafficking offense. (*Id.*) The motion was granted on July 18, 2016 (Doc. 346), and the court ordered the government to show cause within 21 days as to whether Easter should be granted relief pursuant to *Johnson* and requesting that the government address the applicability of *Johnson* to the two-level sentencing enhancement applied to Easter sentence pursuant to U.S.S.G. §3C1.2 ("Reckless Endangerment During Flight"). (Doc. 347.)

On August 8, 2016, the government moved to stay the proceedings until such time as the United States Court of Appeals for the Third Circuit decided three joined cases—*In re Thomas Hoffner, Jr.*, No. 15-2883 (E.D. Pa.), *In re Dewayne Crews*, No. 15-2903 (W.D. Pa.) and *In re Cremne Branch*, No. 15-2992 (M.D. Pa.)— wherein the court would address the applicability of *Johnson*'s holding to collateral challenges to guideline determinations, specifically the Career Offender designation. (Doc. 350.) The government also asked the court to stay the case until the Supreme Court rendered a decision in *Beckles v. United States*, No. 15-8544. (*Id.*) The court

2

granted the government's motion and stayed the proceedings on August 10, 2016. (Doc. 351.)

On April 9, 2020, upon noting that the stay had not yet been lifted, the court ordered the parties to confer and file a status update on or before April 23, 2020. (Doc. 409.) The government filed the status report on April 23, 2020, stating that Easter is requesting that counsel be appointed for him again, but that, based on the current state of the law, there is no legal basis for relief pursuant to *Johnson*. Further, Easter previously sought relief from the court pursuant to 28 U.S.C. § 2255 (Doc. 322), which the court denied for lack of jurisdiction (Doc. 324), and Easter failed to submit a second or subsequent petition to the Third Circuit Court of Appeals pursuant to 28 U.S.C. § 2255(h).

## II.    Discussion

Pursuant to § 2255(h), before a prisoner may seek a second or successive § 2255 motion, he must obtain a certificate of appealability from the court of appeals authorizing the motion. Where a prisoner files such a motion without first obtaining the appropriate certificate, a district court lacks jurisdiction to entertain the motion. *Blystone v. Horn*, 664 F.3d 397, 412 (3d Cir. 2011). With respect to the motion *sub judice*, Easter has failed to obtain the required certificate of appealability. Thus, the court lacks jurisdiction to entertain the motion, and must either dismiss it or transfer it to the Third Circuit to be treated as an application for a certificate of

appealability under §§ 2244 and 2255(h). *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

The court will dismiss the motion. To cure a want of jurisdiction, the court can transfer the motion to the Third Circuit if it is "in the interest of justice" to do so. 28 U.S.C. § 1631. To determine whether the interest of justice warrants a transfer, courts generally examine whether the motion prima facie satisfies the §§ 2244 and 2255(h) standards. *United States v. Hawkins*, 614 F. App'x 580, 582 (3d Cir. 2015). Additionally, although a lack of jurisdiction prevents a court from considering the merits when deciding whether to dismiss the motion, *see Robinson*, 313 F.3d at 140, the merits may inform a court's determination of whether the interest of justice warrants a transfer. *Johnson v. Walsh*, No. 1:13-cv-1522, 2014 WL 3421071 at *2 (M.D. Pa. July 11, 2014) (Caldwell, J.). Here, Easter's motion does prima facie satisfy the §§ 2244 and 2255(h) standards, *see Welch v. United States*, 136 S.Ct. 1257 (2016) (holding that *Johnson* announced a new rule of constitutional law which applies retroactively on collateral review), but the merits of his motion instruct the court that a transfer is not in the interest of justice.

Indeed, Easter was not sentenced as a career offender and he had no prior crimes of violence which impacted his sentence, and his conviction under 18 U.S.C. § 924(c) related to a drug trafficking offense. Further, in *Beckles*, the Supreme Court held that the Federal Sentencing Guidelines are not subject to vagueness challenges

under the Due Process Clause. *Beckles v. United States*, 137 S.Ct. 886, 896 (2017). Accordingly, the court finds that the interest of justice does not warrant transferring Easter's motion to the Third Circuit to be treated as an application for a certificate of appealability.

### III. Conclusion

For the reasons discussed above, we will issue an order dismissing Defendant's § 2255 motion for want of jurisdiction.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: May 1, 2020